CATEN v. EAGLE BUILDING & LOAN ASS'N.

(District Court, W. D. Pennsylvania. May, 1909.)

INTERPLEADER (§ 35*)—CONTEST BETWEEN PLAINTIFF AND INTERVENING CLAIM-
ANT OF FUND—COSTS AND FEES.

Where the defendant in an action by a trustee in bankruptcy answered that it had in its hands a sum belonging to the bankrupt, but which was claimed as assignee by his wife, who thereupon intervened, and the only issue tried was between her and the plaintiff, the defendant, which occupied the position of a mere stakeholder, is not liable for costs, and is entitled to the allowance of a reasonable attorney's fee.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. § 76; Dec. Dig. § 35.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by one Caten, trustee in bankruptcy of Charles J. Meyer, against the Eagle Building & Loan Association. On motions after verdict.

Albert York Smith, for trustee.

Poth & Bonsall, for defendant.

J. M. Friedman, for Mrs. Elmira Meyer.

YOUNG, District Judge. Four motions were filed in this case after verdict. They all raise the question as to whether the defendant, the Eagle Building & Loan Association, should pay any portion of the costs, and also as to whether that association is not entitled to a reasonable attorney's fee. The facts necessary to an understanding of this case are as follows:

Upon the bringing of the suit by the trustee in bankruptcy against the Eagle Building & Loan Association, that association answered that it had in its hands the sum of $500 belonging to the bankrupt, Charles J. Meyer, but at the same time set up in its affidavit of defense that Mrs. Meyer, the wife of the bankrupt, claimed to be the equitable assignee of the shares of stock upon which the fund sued for would be realized. Thereupon Mrs. Meyer was allowed to intervene and become a party defendant. The sole question at the time of trial was whether or not there had been an assignment of the stock by the bankrupt to his wife, and, as there was no evidence to support such an assignment, the verdict was for the plaintiff against both defendants. The Eagle Building & Loan Association now claims that, having set the money apart at the time the suit was brought and being willing to pay it into court, and Mrs. Meyer having been made a party defendant by proceedings equivalent to an interpleader, they ought not to be compelled to pay any of the costs, and ought at the same time be allowed a reasonable attorney's fee.

We think that the facts in this case warrant the conclusion that the Eagle Building & Loan Association should pay none of the costs, inasmuch as that association was ready and willing at all times to pay over the money to the proper party. As the association was a mere stakeholder, but having received notice from the wife, it could not pay out the money. It was necessary for it, therefore, to employ an attorney, upon the bringing of suit, to properly represent it in the court, so that the money might go to the person entitled to it, whether to the plaintiff as trustee, or to Mrs. Meyer as assignee. These circumstances, we think, in equity justify the fixing of a reasonable fee for those services. We are of the opinion that the sum of $25 would be sufficient to pay for the services which the defendant was put to as a stakeholder.

Let an order be drawn relieving the Eagle Building & Loan Association of the costs, and also directing that the sum of $25 be retained by the association out of the money in its hands, the balance to be paid to the plaintiff as trustee in bankruptcy.

This disposes of all the rules granted in the case.